

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-23-2007

# USA v. Cravenor

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3506

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

## Recommended Citation

"USA v. Cravenor" (2007). *2007 Decisions.* Paper 201.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/201

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-3506

———————

UNITED STATES OF AMERICA

v.

WILLIAM CRAVENOR,
Appellant

———————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 05-cr-00316-2)
District Judge:  Honorable Gustave Diamond

———————

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2007

Before:  RENDELL and NYGAARD, <u>Circuit</u> <u>Judges</u>,
and McCLURE, <u>District</u> <u>Judge</u>.

(Filed:  November 23, 2007)

———————

OPINION OF THE COURT

———————

———————

    * Honorable James F. McClure, Jr., Senior Judge of the United States District
Court Judge for the Middle District of Pennsylvania, sitting by designation.

RENDELL, *Circuit Judge*.

William Cravenor appeals from the sentence imposed by the District Court of 27 months of incarceration after Cravenor pled guilty to one count of knowingly bartering and disposing of firearms, in violation of 18 U.S.C. §922(j). In particular, Cravenor claims that the District Court improperly applied U.S.S.G. §2K.2.1(b), a four-level enhancement for possession of a firearm in connection with another felony offense, when he computed the appropriate Sentencing Guideline range. We review *de novo* a District Court's interpretation of the Guidelines. *See United States v. Batista De La Cruz*, 460 F.3d 466, 468 (3d Cir. 2006). For the reasons that follow, we will affirm the sentence imposed by the District Court.

On August 31, 2004, Cravenor received fourteen stolen firearms from his co-defendant Curtis Shaffer. On September 1, 2004, he transferred thirteen of these stolen weapons to known drug dealers in exchange for $500 cash and eighty-four stamp bags of heroin. Cravenor retained one of the stolen firearms for his personal use. After returning to his residence, Cravenor gave the cash and heroin to his co-defendant Shaffer. Shaffer then returned six or seven stamp bags and $100 to Cravenor for his role in selling the stolen firearms. Following his arrest, Cravenor pled guilty to knowingly bartering and disposing of firearms, a violation of 18 U.S.C. §922(j).

The District Court calculated Cravenor's Guideline Sentencing range as 27 to 33 months' imprisonment, based in part on application of an enhancement under U.S.S.G. §

2

2K2.1(b)(5). The District Court considered several of the factors found in 18 U.S.C. §§ 3553(a) and determined that 27 months was an appropriate sentence.

The sole question raised on appeal is the propriety of the four-level enhancement under § 2K2.1(b)(5). Cravenor argues that the District Court improperly applied this enhancement because the it used the same offense to calculate the base offense level and to impose a four-level enhancement. We disagree. U.S.S.G. §2K2.1(b) provides that a four-level enhancement should be applied if a defendant "used or possessed any firearm or ammunition in connection with another felony offense; or, possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." The District Court applied § 2K2.1(b) because it found Cravenor possessed a firearm in connection with "another felony offense," the distribution of heroin to his co-defendant, in violation of 21 U.S.C. §841(a).

This Court has established a two-part test to determine whether an offense committed may support an enhancement under § 2K2.1(b). *United States v. Navarro*, 476 F.3d 188, 196 (3d Cir. 2007). The first part of the test stems from *Blockburger v. United States*, 284 U.S. 299 (1932), and requires that the predicate offense and the firearms possession crime each have an element that is not shared by the other. *Navarro*, 476 F.3d at 196. The second prong of the test is factual in nature and asks whether more than the mere-possession of the firearm was an integral aspect of the predicate offense. *Id.*

3

Under this test, it is clear that the District Court properly applied the enhancement.

Each of the offenses-bartering in firearms and distribution of a controlled substance-require proof of an element that the other does not and thus satisfy the first prong of the *Navarro* test. *Navarro,* 476 F.3d at 196-97 (comparing 21 U.S.C. §841(a) with 18 U.S.C. §922(g)). The offense of drug distribution does not require an exchange of something of value. *Id.* at 196 (citing *United States v. Coady,* 809 F.2d 119, 124 (1st Cir. 1987)). Therefore, when Cravenor gave the heroin that he had received in exchange for the stolen weapons to his co-defendant, he committed the offense of distributing a controlled substance.

Having determined that drug distribution qualifies as "another felony offense" for purposes of §2K2.1(b)(5), we must then determine whether more than the mere possession of the firearm was an integral aspect of the predicate offense. Cravenor's possession of the firearm was not an integral part of the crime of drug distribution. The felony offense used by the District Court to apply U.S.S.G. §2K2.1(b)(5) "cannot be deemed the functional equivalent of a 'firearms possession offense.'" *Navarro*, 476 F.3d at 196 (stating "[d]ispensation of a controlled substance is an element of drug distribution but not of firearms possession; possession of a firearm is an element of firearms possession but not of drug distribution"). Thus, both prongs of the test promulgated in *Navarro* are satisfied, and the District Court properly applied the enhancement.

For the foregoing reasons, we will affirm the sentence imposed in the Judgment and Commitment Order of the District Court.

4